Hemphill, O. J.
The appellee, John Clark, sued out his libel in the district court for Galveston county, sitting in admiralty, against the brig Yeruma, for damages occasioned to the sloop Cutter by the brig coming in collision with her in the harbor of Galveston. The decree was in favor of the libelant from which an appeal has been brought to this court.
*(21) The question in the case is, whether the collision between the two vessels was the result of negligence on the part of the brig, or whether it arose from the violence of the storm; rendering nugatory all the precautions and the utmost efforts of the master and crew of the vessel libeled.
There were but two witnesses examined in the cause — one of them testifies “ that the sloop might have gotten assistance from the brig Reaper or the steamship Merchant, in time to have gotten the sloop Cutter out of the way of the brig, at the time the steamship Merchant was lying at the end of the wharf, and the Reaper on the opposite side from the sloop Cutter, and both made fast to the wharf. At the time the brig struck the sloop Cutter she was totally ungovernable, and the brig could do nothing to prevent the collision.” That it was an hour and a half after the brig struck the shore before she struck the sloop Cutter; that the brig had her starboard anchor down — and vessels generally carry the largest anchor on that side; that the gale had been blowing six hours before she commenced dragging her anchor, and it was one hour after dragging before she struck the shore; that it would have been a matter of proper precaution to have dropped another anchor, but adds immediately that if he had dropped another anchor he believed she would have struck before they could have played out enough of cable to have any effect; that the sloop Cutter was properly moored, and that by heaving out of the way of the brig the Cutter hove ashore; that the master and crew of the brig did every thing they could to prevent a collision with the Cutter; that a French brig with two anchors was driven ashore in the same gale, etc. Iiis testimony covers some pages of the record, but its substance is, that the storm was severe; that the brig had down her best anchor, though to have had two down would have been a more proper precaution; that two anchors did not save the French brig from drifting; that the sloop had time to have heaved out of the way of the brig; that she did so after the collision, but that in doing so she hove ashore; that the brig was ungovernable, and that the collision could not be prevented by the utmost exertions of her master and crew.
The testimony of the other witness corroborates the material facta stated by the first, and from the whole evidence we are of opinion that neither vessel was culpable, or that if the most proper precautions had not been used by the brig in having down but one-anchor, the sloop on the other hand was guilty of heedless delay in not changing her position, when she found the brig drifting towards the wharf. No fault, or if any, equal blame being attributable to *(22) either party, the collision must be imputed to stress of weather, “a peril of the sea,” baffling all human skill and forethought, and the utmost efforts of resistance. Where the loss is unavoidable, springing from a resistless combination of the wind and waves, without fault in any one, the owner of the ship damaged must bear the loss. 2 Marsh. 493: 1 McCord, 360; Abbott on Shipping, p. 354. We dissent from the judgment of the court below on the evidence, and it is therefore ordered, adjudged and decreed that the decree of the district court be reversed, and the libel dismissed at the cost of the appellee.